Sharlyn HUNTER, Plaintiff—
Appellant,

v.

DIGITAL EQUIPMENT CORPORA-
TION, a corporation; Digital Equip-
ment Corp Pension Plan, an employee
pension benefit plan; Digital Equip-
ment Corporation Retirement Com-
mittee, a plan fiduciary, Defendants—
Appellees.

No. 03–56146.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 5, 2005.

Decided May 17, 2005.

Ronald Dean, Esq., Pacific Palisades, CA, for Plaintiff–Appellant.

Debra L. Fischer, Esq., Bingham McCutchen, LLP, Los Angeles, CA, for Defendants–Appellees.

Before: PREGERSON, FISHER and BYBEE, Circuit Judges.

MEMORANDUM *

Sharlyn Hunter appeals the district court's dismissal of her case under Rule 41(b) for lack of prosecution. We have jurisdiction under 28 U.S.C. §§ 1291, 1294, and we affirm in part and reverse in part.

In dismissing both of Hunter's putative class claims for failure to prosecute, the district court weighed the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). It found that all but the fifth factor favored dismissal. *See id.* (noting that when reviewing a district court's dismissal, we "may affirm ... where at least four

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

factors support dismissal, ... or where at least three factors strongly support dismissal.") (citation and internal quotation marks omitted). Hunter argued to the district court that, as an alternative sanction to dismissal, she should be required to dismiss her second, fact-based claim but allowed to maintain her first claim.[1] We affirm the district court's findings as to Hunter's second claim ("Claim 2"). However, with respect to Hunter only, we reverse the district court's dismissal of Hunter's first claim ("Claim 1").

The public has an interest in the expeditious resolution of cases, and the district court properly relied on Hunter's failure to be actively involved in litigation for at least 18 months. The district court was properly concerned about Hunter's strategic decision not to move the case forward. However, the long history of the parties' active litigation in this case, including proceedings before two special masters as well as several mutually agreed upon delays, somewhat mitigates the 18 months of inactivity.

Similarly, the court's management of its docket was complicated here by the erroneous dismissal of the case from Judge McLaughlin's docket during the period it was being handled by the two special masters, and by Judge McLaughlin's unfortunate death which required reassignment to Judge Stotler on December 3, 2002. Thus any new judge would have had to become familiar with the case regardless of Hunter's 18 months of inaction. Under these circumstances, the court's need to manage its docket weighs less significantly in favor of dismissal.

Although we agree with the district court that there is some risk of prejudice to the defendants in defending against both Claim 1 and Claim 2 for a potential class of plaintiffs, the risk of prejudice appears to be minimal to nonexistent in defending an action brought by Hunter as an individual plaintiff as to Claim 1. Accordingly, we hold that although Claim 2 was properly dismissed, Hunter should have been allowed to proceed with Claim 1, on an individual basis, as a less drastic alternative to complete dismissal. Such a sanction adequately vindicates the court's legitimate concerns with the effects of Hunter's strategic delay while at the same time honoring the strong policy of resolving cases on their merits.

The parties shall bear their own costs on appeal.

AFFIRMED in part, REVERSED in part and REMANDED.

---

1. Hunter's first claim alleges that she is entitled to continued pension accrual, for so long as she is disabled, where the plan summary used by Digital conflicts with the language of the plan itself. Her second claim alleges that her employment was terminated, in violation of ERISA, for the sole purpose of discontinuing the accrual of her pension benefits.